SO ORDERED: September 3, 2013.

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

BRIAN LEE SPURLOCK　　　) CASE NO. 12-3084-FJO-13
SALLY M. SPURLOCK　　　　)
　　　　　　　　　　　　　)
　　　Debtors　　　　　　)

**ORDER**

This matter came before the Court upon the filing of the Debtors' Motion for Partial Relief from Order ("Motion") (Doc. #75) and the Objection filed thereto by MorEquity, Inc. ("MorEquity")(Doc. #76).

The Court held a hearing on this matter on July 22, 2013. Based upon the arguments of counsel and the pleadings filed, the Court now finds that the relief requested by the Debtors' Motion shall be denied.

1

The issue before the Court raised in Debtors' Motion is whether the Court should use its powers under Rule 60 to alter its order entered on June 6, 2012 to delete the language regarding the validity and enforceability of the note and lien which was the subject of the related Motion for Relief from Stay filed by MorEquity and granted by the June 6, 2012 order of this Court (after the Debtors withdrew their objection to the Motion).

To understand the issues surrounding the current motion, the Court must back tract to the beginning of the bankruptcy case.  The Debtors filed bankruptcy on March 21, 2012.  The bankruptcy filing came after extensive state court ligation which began with the initiation of the foreclosure action on August 27, 2008. The Debtors' Bankruptcy Schedule D (Doc. #18) listed MorEquity as a creditor holding a disputed and contingent secured claim.  MorEquity filed a Motion for Relief from Stay (Doc. #16) on April 17, 2012. The note and mortgage were attached and included in the motion.  The Debtors filed an Objection (Doc. #28) to the motion on May 1, 2012 with the only grounds being they questioned that MorEquity had standing to file the motion; and requested that the Court set a hearing so that MorEquity could show that it was the party in interest and entitled to enforce the note.  During this same time frame, the Debtor filed

2

their Chapter 13 Plan (Doc. #22) on April 20, 2012 wherein they listed MorEquity as a secured creditor on the Debtors' residence for an unknown amount of arrears and an unknown monthly payment. MorEquity filed its objection to the Plan on May 17, 2012 (Doc.#41.) and that matter was set on the Court's calendar for June 12, 2012. MorEquity's Motion for Relief from Stay was originally set for May 15, 2012, which was in the Chapter 13 block hearing time, but was rescheduled for an evidentiary hearing on June 4, 2012 to give the parties and the Court more time to hear this matter. MorEquity asserted in its motion for relief from stay that the Debtors were indebted to MorEquity, which indebtedness was secured by a mortgage on their real estate. MorEquity alleged that the Debtors had not paid on the note since February 14, 2008 (and according to the statements made in the most recent hearing, there have still been no payments since that date, so they have not paid on their mortgage for over five and a half years). At the time of the hearing, counsel for each side appeared and were presumably prepared to move forward with the evidentiary hearing. MorEquity had its representative present in Court. Just prior to the hearing, the parties talked and Debtors' counsel subsequently indicated to the Court on the record his intention to withdraw the Objection on the record

3

(as reflected in the Court's minute entry) and the Motion was then uncontested, so it was granted.  There was not a lengthy hearing on this matter only because the Debtors withdrew their only pending objection, which was as to the issue of standing.  The Debtors had a full and fair opportunity to litigate the matter pending before this Court with MorEquity, but they chose not to when they voluntarily withdrew their objection.  They did not dispute any of the other allegations in the motion which was quite lengthy at eight pages plus twenty-six pages of exhibits.  An order was entered granting MorEquity's Motion on June 6, 2012.  No opposition was made as to the language of the order and no appeal was taken of that order.  The Court also notes that the Debtors never objected to the Proof of Claim related to the mortgage indebtedness (Claim No. 5).

On the Court's calendar for June 12, 2012 was confirmation of the Debtors' April 20, 2012 plan and the MorEquity's objection.  However, that matter was vacated because of the filing of the amended plan the day before the hearing on June 11, 2012.  Just five days after the Court entered the Order granting MorEquity's motion,  the Debtors filed their amended plan which changed the treatment of MorEquity's claim from its earlier plan and the amended plan set forth the Debtors' intention to surrender the real

4

estate, (obviously an intention they have not yet followed through on since they still reside in the property). The change in the amended plan was consistent with the Debtors withdrawing their objection to the motion for relief from stay. The Court, on August 28, 2012, (Doc. #73) confirmed the Debtors' amended plan which included the Debtors surrendering this property. Although not before this Court directly on this motion, the Court notes that the Debtors have failed to comply with the terms of the confirmation order which confirmed the amended plan they proposed, which terms included surrendering the property to MorEquity.

Almost ten months go by without any activity on the Court's docket in this case, now the Debtors file the current motion before this Court wherein they question the language of the Order entered back on June 6, 2012 (long after an appeal time has passed and just a few days shy of one year). The Debtors' motion requests that the Court remove the word "valid" from paragraph number 6 of the June 6, 2012 Order. The Debtors assert that they have been attempting to pursue their rights in state court as to the foreclosure action, but the Court of Appeals has dismissed their case based on the principle of issue preclusion. These Debtors now claim that the Court's order should only have simply lifted the stay. They assert that the other

language, specifically the word "valid" as it relates to the mortgage, should not have been in the order.

The Debtors are asking that the Court alter its prior order under Rule 60. Rule 60 (made applicable to bankruptcy cases under Rule 9024) provides very limited circumstances for the Court to alter a previously issued order.  Rule 60(a) allows for the correction of a clerical mistake in the order or other part of the record. The Debtors presented no evidence that a clerical error occurred and the Court finds no such error.  Rule 60(b) sets forth when the courts may relieve a party or its representatives from an order upon "motion and just terms"; grounds being such as mistake, inadvertence, surprise, or excusable neglect, misconduct of opposing party, or any other reason that justifies relief. The time frame for bringing such an action must be made within a "reasonable time", but no more than a year for some of the reasons.   It is clear from the language of Rule 60 that its scope is very narrow and only with a showing of just cause; one that "justifies relief".  Since there was no clerical error, the Court must consider if one of the other factors exist for the Court to apply the relief provided by Rule 60.  The Court takes note that the Debtors came in just a few days shy of the one year mark. Given the fact that the language of this Court's order must have been raised quite

6

some time ago in the state court proceedings, this Court finds the Debtors' delay as a factor against granting the relief they request.  The trial court entered a judgment of foreclosure on June 20, 2012, just two weeks after this order the Debtors are now questioning was entered.  This Court might have viewed this argument differently if they had come to this Court immediately after the first reference to the language of this Court's order in the state court proceedings.  Instead, they chose to appeal the state court order of foreclosure through the state court process, and they apparently represented themselves in those proceedings.  This delay that they alone chose in state court strongly negates their arguments today before this Court on this matter.  Aside from the delay factor, the Debtors simply did not put on any evidence to support grounds for granting relief under Rule 60.  The Court strongly doubts that the Debtors were surprised by the language of the Court's June 6, 2012 order granting MorEquity's motion;  they just did not like it.  Enforcing the order would naturally result in them having to finally vacate the house, which they promised to do when the amended their plan to indicate their intention to surrender. MorEquity's Motion outlined a history of protracted litigation pursued by the Debtors, seemingly in an effort to delay the inevitable, losing

possession of their house. This is not something that this Court takes lightly. It is faced with this sad prospect virtually everyday with countless debtors before it. However, this Court has never seen someone still in possession of the home after over five years of not paying their mortgage. So, if this case is notable for anything, it is that it holds the record for this Court as to how long someone has lived in the premises free by not paying the mortgage payments. That is hardly grounds which "justify" relief in favor of the Debtors. The Court appreciates the efforts of Debtors' counsel who clearly has done everything possible to manage the bankruptcy case for his clients. The Court notes that the case proceeded in a typical format from a bankruptcy standpoint. However, the lawyer did not create the facts; these facts were created by his clients who chose not to pay their mortgage and instead have put their energies into delaying and prolonging litigation seemingly without regard to the injustice of their living for free. If they had intended to dispute this mortgage, why did they not raise those issues long ago when they were before this Court? But they chose not to; instead they withdrew their objection and did not contest the order as it was entered. If they were surprised by the language of this Court's order, they should have returned immediately to this Court

in June of 2012 when the state court entered its judgment of foreclosure; but they did not. The Court questioned during the July 22, 2013 hearing if the Debtors withdrew their objection to the motion for relief with their fingers crossed behind their backs. Why did they amend their plan to indicate that they would in fact surrender the property to MorEquity if they disputed MorEquity's mortgage? Perhaps to buy themselves more time, which the Court notes has worked in their favor since they still reside in the property free of payments. That is not how this system is intended to work and this Court would never use its equitable powers to alter an order almost one year later to benefit Debtors who have behaved as these ones have in this case and apparently in other related state court litigation.

Based thereon, this Court does not find reason to utilize the relief available under Rule 60 to grant relief from the Court's Order; and therefore, this Court **ORDERS that the Debtors' Motion for Partial Relief from Order be and hereby is DENIED.**

###